NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WARREN A. LEVERETT, | : | |
| | : | Civil Action No. 02-2582 (AET) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MR. MORTON, WARDEN, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    WARREN A. LEVERETT, #66829, Petitioner Pro Se
    East Jersey State Prison, 3 Wing
    Lock Bag R
    Rahway, New Jersey  07065

    PETER C. HARVEY, Attorney General of New Jersey
    LINDA K. DANIELSON, Deputy Attorney General
    Division of Criminal Justice
    Richard J. Hughes Justice Complex
    P.O. Box 086
    Trenton, New Jersey 08625-0086
    Attorneys for Respondents

**THOMPSON, DISTRICT JUDGE**

    Warren A. Leverett ("Leverett"), currently confined at East Jersey State Prison in Rahway, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising several grounds for relief.  The State filed an Answer opposing the Petition, accompanied

by relevant portions of the State court proceedings.  For the reasons expressed below, the Court will dismiss the Petition as untimely and decline to issue a certificate of appealability.

## I.  BACKGROUND

Petitioner originally was convicted on drug charges in 1981, subsequently retried, and convicted in 1987, and sentenced to a term of life imprisonment.  (Ans., ¶¶ 3, 8.)  His convictions on retrial were affirmed on April 20, 1989, and certfication denied in 1990.  (Id.)  His application for post-conviction relief was denied on May 11, 1990.  (Pet.; Ans., ¶ 11.)  Petitioner filed this habeas corpus application on May 30, 2002.  (Docket.)

## II.  DISCUSSION

Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244 (d) (1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   ...

28 U.S.C. § 2244 (d) (1).

The applicable limitations period in Petitioner's case is 28 U.S.C. § 2244 (d) (1) (A). Petitioner was convicted 1987, after a retrial from a reversed 1981 conviction. (Ans., ¶ 9.) The trial court's conviction and sentence were affirmed by the New Jersey Appellate Division on April 20, 1989, and Petitioner's request for certification was denied by the New Jersey Supreme Court on February 7, 1990. ( Ans., ¶ 8.) The Petitioner subsequently applied for post-conviction relief, which was denied on May 11, 1990. (Ans., ¶ 11.) The denial of post-conviction relief was affirmed by the New Jersey Appellate Division on May 24, 1991, and Petitioner's request for certification was denied by the New Jersey Supreme Court on September 4, 1991. (Ans. Exs. 16, 19.) As noted above, the Petition for habeas corpus was filed on May 30, 2002. (Docket.)

As Petitioner's routes of direct appeal and post-conviction application ended before the effective date of the AEDPA on April 24, 1996, his Petition for a writ of habeas corpus had to be filed with the Clerk of this Court by April 24, 1997 in order to be timely under § 2244(d), unless the limitations period was statutorily and/or equitably tolled. See Miller v. Dragovich, 311 F.3d 574, 576 (3d Cir. 2002); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (in cases in which a prisoner's conviction had become final before April 24, 1996, there would be a one-year grace period following the effective date of the AEDPA in which to file a petition for habeas corpus relief). Pursuant to the grace period applicable to convictions becoming final before the effective

3

date of the AEDPA, Petitioner had one year, or until April 24, 1997, in which to file a Petition for a Writ of Habeas Corpus.  He did not do so until May 30, 2002.

Analysis

The AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court.  See 28 U.S.C. § 2244 (d) (2).[1] Petitioner's limitations period began running one day after his conviction became final on April 24, 1996, due to the one year grace period for convictions becoming final prior to the effective date of the AEDPA on April 24, 1996, noted above.  Absent statutory or equitable tolling, the limitations period expired on or about April 24, 1997.

The statute of limitations under 28 U.S.C. § 2244 (d) is subject to two tolling exceptions: statutory tolling and equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 124 S. Ct. 317 (2003) (limitations period is statutorily tolled during the time a "properly filed" application for state post-conviction review is pending in state court, while equitable tolling is a judicially crafted exception) (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)).

In light of the above principles, Petitioner has totally failed to show that a "properly filed" application for state post-conviction review was pending any time at, before, or after the start of the AEDPA grace period, entitling him to statutory tolling.  New Jersey Court Rule 3:22-12(a)

---

[1] 28 U.S.C. § 2244 (d) (2) provides as follows:
>  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

provides for a five year limitations period after conviction to apply for post-conviction relief, which would otherwise toll the limitations period.  That five year period expired in 1992 (five years after Leverett's conviction upon retrial).  Although Petitioner makes vague assertions about other state court applications for relief, it is evident from the foregoing discussion that they could not have been "properly filed," so as to toll the limitations period under the AEDPA.  See Kindler v. Horn, 291 F. Supp. 2d 323 (E.D. Pa. 2003) (in determining habeas corpus timeliness, a state court application is considered properly filed when its delivery and acceptance are in compliance with the applicable state laws and rules governing filings).

As noted above, the AEDPA statute of limitations is also subject to equitable tolling. Merritt, supra; Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Such tolling is applicable

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient. [Id.]

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, supra, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).  Petitioner has not demonstrated that he, in some extraordinary way, was prevented from asserting his rights,

5

mistakenly asserted his rights in the wrong forum, or was misled.  Moreover, the Court can discern no extraordinary circumstances warranting equitable tolling.

Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c) (2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." Id.

As explained above, the Court has concluded that this Petitioner's application is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling renders his Petition timely.  The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Habeas Corpus Relief, and declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253 (c).

An appropriate Order accompanies this Opinion.

s/ Anne E. Thompson

**ANNE E. THOMPSON**
**UNITED STATES DISTRICT JUDGE**

**DATED**     **October 20, 2005**